IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CORTEZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-3626 |
| : | |
| BERKS COUNTY : | |
| SHEIFFS OFFICE, *et al.* : | |
|     Defendants. : | |

## MEMORANDUM

**MARSTON, J.**                                                                                                                                          **August 25, 2021**

       Plaintiff Michael Cortez, a pretrial detainee currently incarcerated at Berks County Jail, filed this civil action alleging a violation of his civil rights. Named as Defendant is the Berks County Sheriff's Department.[1] (Doc. No. 2.) Cortez also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Cortez's Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cortez will be granted leave to file an amended complaint.

**I.    FACTUAL ALLEGATIONS**[2]

       A review of the public docket reveals that charges were filed against Cortez on March 28, 2018, pursuant to a criminal complaint and that a fugitive declaration was issued for his arrest on June 18, 2018. *See Commonwealth v. Cortez*, MJ-023201-CR-0000077-2018 (C.P. Berks); *see*

---

[1] The Defendant is listed as "Berks County Sheiffs Office" in the Complaint. (*See* Doc. No. 2.) The Court construes the Complaint as naming the "Berks County Sheriff's Department" as the Defendant.

[2] The factual allegations are taken from Cortez's Complaint and the public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*also Commonwealth v. Cortez*, CP-06-CR-0004322-2019 (C.P. Berks) (charges remain pending). Cortez contends that his due process rights were violated when the warrant for his arrest was executed on August 23, 2019.  (*See* Doc. No. 2 at 3–5.)[3]  According to Cortez, the Berks County Sheriff's Department arrested him at the Riley County Jail in Manhattan, Kansas.  (*Id.* at 5.)  He was transported to the Berks County Jail and arrived on September 6, 2019.  (*Id.*)

Cortez alleges that "[m]y warrant was for 500 miles and I was 1,444 miles away the [sheriff's] office violated the state statute for miles as directed on the warrant that they served on me."  (*Id.* at 4.)  He asserts that he was "arrested for an out of state warrant for 500 miles or less."  (*Id.*)  Cortez claims that he "was never given a lawyer" and that when he "told the [sheriff] from Berks that this warrant is out of their jurisdiction they laughed and said well we don't care."  (*Id.*)  He seeks monetary damages for, *inter alia*, lost wages and the loss of a security deposit.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Cortez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] The Court adopts that pagination supplied by the CM/ECF docketing system.

[4] However, as Cortez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

(quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Cortez is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F. 3d at 245).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93–94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's*

*Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (cleaned up)).  Dismissals under Rule 8 are "reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.    DISCUSSION**

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Berks County Sheriff's Department is the only named defendant.  Claims against a county Sheriff's Department are treated as claims against the county itself.  *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citation omitted)); *Hatfield v. Berube*, 714 F. App'x 99, 102 n.1 (3d Cir. 2017) ("Pennsylvania county offices . . . are treated as municipalities for purposes of [§ 1983 claims]." (citing *Mulholland v.*

4

*Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013))). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, Pennsylvania*, 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the municipality must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Cortez has failed to state a plausible claim against the Berks County Sheriff's Department. Nothing in the Complaint alleges that the conduct of which Cortez complains was the result of a municipal policy or custom. That is, he fails to allege that the Defendant caused any alleged constitutional violation by way of its customs, policies, practices, and procedures. He also fails to allege how these policies gave rise to the violation of his constitutional rights. Accordingly, the claim against the Berks County Sheriff's Department must be dismissed for this reason.

Moreover, even construing the Complaint liberally, the Court can discern no basis for a constitutional claim based on the execution of the arrest warrant in Kansas.  Given the paucity of facts alleged, the Court declines to speculate on the nature of the claim Cortez seeks to raise.  As pled, Cortez's Complaint does not comply with the requirements of Rule 8 because it does not adequately inform the Court of the issues that need to be determined in this matter, nor does the Complaint provide enough information to put the named Defendant on sufficient notice to prepare a defense to Cortez's claims.  Cortez has not plausibly alleged what process he was entitled to but failed to receive.

Finally, Cortez's allegation that he "was never given a lawyer" may implicate the Sixth Amendment right to assistance of counsel in criminal proceedings.  However, this stray allegation is conclusory, Cortez provides no context for his allegation, and it is unclear how his right to counsel was denied and who may be responsible for that alleged violation.  Thus, this claim is also not plausibly alleged and must be dismissed.

Accordingly, the Court will dismiss the Complaint.  Because the Court cannot say at this time that Cortez can never state a plausible claim based on the execution of the arrest warrant, he will be granted leave to amend.  Cognizant of Cortez's *pro se* status, the Court will grant Cortez an opportunity to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for Cortez's claims against any named Defendant and how the named Defendant was involved in the alleged denial of his Constitutional rights.

## IV. CONCLUSION

Because Cortez has failed to comply with Rule 8 and has failed to allege a plausible claim against the Berks County Sheriff's Department, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Complaint will be dismissed without prejudice and Cortez will be granted leave to file an amended complaint if he is able to cure the defects the Court has identified.  An appropriate Order follows.